UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | ) |
| vs. | ) Case No. 2:23-MJ-00782 |
| DENEYVOUS HOBSON, Defendant. | ) Los Angeles, California<br>February 22, 2023<br>(2:53 p.m. to 3:03 p.m.) |

INITIAL APPEARANCE

BEFORE THE HONORABLE PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

| | |
|---|---|
| APPEARANCES: | See Next Page |
| COURT REPORTER: | Recorded, CourtSmart |
| COURTROOM DEPUTY: | Christianna Howard |
| TRANSCRIBER: | Dorothy Babykin<br>Courthouse Services<br>1218 Valebrook Place<br>Glendora, California 91740<br>(626) 963-0566 |

PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING.
TRANSCRIPT PRODUCED BY TRANSCRIPTION SERVICE.

APPEARANCES:

FOR PLAINTIFF UNITED STATES OF AMERICA:

E. MARTIN ESTRADA
UNITED STATES ATTORNEY
BY: KEVIN BUTLER
ASSISTANT UNITED STATES ATTORNEY
312 NORTH SPRING STREET
LOS ANGELES, CALIFORNIA 90012

FOR DEFENDANT DENEYVOUS HOBSON:

OFFICE OF THE FEDERAL PUBLIC DEFENDER
BY: JELANI J. LINDSEY
DEPUTY FEDERAL PUBLIC DEFENDER
321 EAST 2ND STREET
LOS ANGELES, CALIFORNIA 90012

# I N D E X

2:23-MJ-00782 FEBRUARY 22, 2023

PROCEEDINGS: INITIAL APPEARANCE

LOS ANGELES, CALIFORNIA; FEBRUARY 22, 2023; 2:53 P.M.

THE CLERK: -- HOBSON.

COUNSEL, PLEASE MAKE YOUR APPEARANCES FOR THE RECORD.

MR. BUTLER: GOOD AFTERNOON, YOUR HONOR.

KEVIN BUTLER ON BEHALF OF THE UNITED STATES.

THE COURT: GOOD AFTERNOON.

MR. LINDSEY: GOOD AFTERNOON, YOUR HONOR.

DEPUTY FEDERAL PUBLIC DEFENDER JELANI J. LINDSEY ON BEHALF OF MR. DENEYVOUS HOBSON, WHO IS BEFORE THE COURT IN CUSTODY AND SEEKING THE APPOINTMENT OF COUNSEL, YOUR HONOR.

THE COURT: ALL RIGHT. GOOD AFTERNOON.

(PAUSE IN PROCEEDINGS.)

THE COURT: ALL RIGHT. I'M SORRY.

SIR, IS DENEYVOUS HOBSON YOUR TRUE NAME?

THE DEFENDANT: YES.

THE COURT: AND DID YOU RECEIVE OR SEE A COPY OF YOUR -- OF A STATEMENT SAYING “CONSTITUTIONAL RIGHTS” TODAY?

THE DEFENDANT: YES.

THE OOURT: DID YOU IN FACT SIGN THAT FORM AT THE END?

THE DEFENDANT: YES.

THE COURT: DO YOU UNDERSTAND YOUR CONSTITUTIONAL RIGHTS?

THE DEFENDANT: YES.

THE COURT: OKAY.

DID YOU ASSIST MR. LINDSEY IN FILLING OUT A FINANCIAL AFFIDAVIT TODAY?

THE DEFENDANT: YES.

THE COURT: AND WERE ALL THE STATEMENTS IN THAT DOCUMENT TRUE AND CORRECT?

THE DEFENDANT: YES.

THE COURT: DID YOU SIGN -- IS THIS YOUR STATEMENT -- EXCUSE ME -- YOUR SIGNATURE AT THE END OF THIS FORM?

THE DEFENDANT: YES.

THE COURT: DO YOU UNDERSTAND YOU WERE SIGNING THE FORM UNDER PENALTY OF PERJURY?

THE DEFENDANT: YES.

THE COURT: I FIND YOU'RE ENTITLED TO APPOINTED COUNSEL. I'M GOING TO APPOINT MR. LINDSEY OF THE FEDERAL PUBLIC DEFENDER'S OFFICE TO REPRESENT YOU.

NOW, MR. HOBSON, HAVE YOU SEEN OR RECEIVED OR HAD READ TO YOU A COPY OF THE COMPLAINT, THAT IS, THE CHARGES THAT HAVE BEEN FILED AGAINST YOU?

THE DEFENDANT: YES.

THE COURT: OKAY. I DON'T WANT TO KNOW IF WHAT THEY'RE SAYING IN THERE IS TRUE OR NOT. I DO WANT TO KNOW THOUGH IF YOU UNDERSTAND WHAT IT IS THE GOVERNMENT IS SAYING YOU DID WRONG.

THE DEFENDANT: YES.

THE COURT: OKAY. THANK YOU.

THE GOVERNMENT HAS MOVED FOR DETENTION.

MR. LINDSEY, WHAT'S YOUR DESIRE?

MR. LINDSEY: WE'RE GOING TO ARGUE FOR BAIL, YOUR HONOR.

THE COURT: ALL RIGHT.

IS THE GOVERNMENT READY TO PROCEED?

MR. BUTLER: IT IS, YOUR HONOR.

THE COURT: AND, MR. LINDSEY, YOU'RE READY?

MR. LINDSEY: YES, YOUR HONOR.

THE COURT: ALL RIGHT.

WHAT DOES THE GOVERNMENT PROFFER FIRST IN SUPPORT OF ITS REQUEST FOR DETENTION?

MR. BUTLER: THE GOVERNMENT PROFFERS THE COMPLAINT, THE AFFIDAVIT AS WELL AS THE PRETRIAL SERVICES REPORT AND ITS RECOMMENDATION OF DETENTION.

ONE INITIAL CLARIFICATION, YOUR HONOR.

THE GOVERNMENT'S REQUEST FOR DETENTION NOTES THAT THIS IS A PRESUMPTION CASE.

THE ULTIMATE CHARGE COMPLAINED UPON IS ACTUALLY JUST THE CONSPIRACY. SO, TECHNICALLY IT IS NOT A PRESUMPTION CHARGE.

FACTUALLY I THINK THE -- A FIREARM WAS FIRED AT THE FIRST ROBBERY. IN THE THREE SUBSEQUENT ROBBERIES A FIREARM WAS TAKEN FROM EACH OF THE ARMORED VEHICLE GUARDS. AND THERE WERE AT LEAST WHAT APPEARS TO BE FIREARMS BROUGHT TO EACH OF THE ROBBERIES.

SO, I THINK ALTHOUGH LAW ENFORCEMENT HASN'T RECOVERED THOSE, GIVEN THAT WE KNOW THAT THEY WERE ACTUAL FIREARMS AT

EACH OF THE ARMORED CAR ROBBERIES AND THAT ONE WAS FIRED, THE FACTS UNDERLYING IT HAVE -- MAKE DETENTION APPROPRIATE FOR ALL THOSE SAME REASONS.

THE GOVERNMENT AS DOES PRETRIAL WOULD BASE ITS RECOMMENDATION LARGELY ON THE NATURE AND CIRCUMSTANCES OF THE CRIME, THE CRIMINAL HISTORY OF THE DEFENDANT, THE WEIGHT OF THE EVIDENCE AND SOME OTHER CONCERNING FACTORS THAT ARE BOTH PRESENT IN THE PRESENTENCE REPORT AND – NOT.

AS THE COURT HAS SEEN IN THE LENGTHY COMPLAINT THERE'S A SERIES OF ARMED ROBBERIES. EACH TIME WHAT APPEARS TO BE AT LEAST TWO FIREARMS WERE BROUGHT TO THE LOCATION. THE ARMORED CAR VEHICLE DRIVER IS ZIP-TIED AND CONTROLLED BY THOSE FIREARMS.

THE SERVICE WEAPON IS STOLEN.

AND IN AT LEAST THAT FIRST ROBBERY THE SERVICE WEAPON IT APPEARS IN THE VIDEO WAS FIRED. BUT CERTAINLY ONE OF THE HANDGUNS THAT WERE BROUGHT WAS FIRED.

THE EVIDENCE THAT THE DEFENDANT WAS PART OF THIS SERIES OF ROBBERIES IS EXTREMELY STRONG. THERE'S THREE WEEKS BEFORE THE ROBBERY ALMOST TO THE EXACT MINUTE OF THE FIRST ROBBERY THE DEFENDANT IS PULLED OVER AFTER MANY SUSPICIOUS REPORTS WERE CALLED IN THAT HIM AND HIS CODEFENDANT WERE CIRCLING THE CREDIT UNION WHERE THE ROBBERY OCCURRED TAKING PHOTOS OR VIDEOS, PARKED ACROSS THE STREET.

AT THAT TIME THREE WEEKS LATER, AGAIN TO THE MINUTE, THE

SAME ARMORED CAR ROBBERY AT THE SAME LOCATION WITH THE SAME ARMORED CAR DRIVER FILLING UP THE SAME ATM WAS ROBBED, AGAIN, TWO MINUTES AFTER THE CASING WAS THREE WEEKS EARLIER.

THE NEXT DAY -- FEDERAL SEARCH WARRANTS WERE LATER FILED ON MULTIPLE LOCATIONS AND DEVICES IN OCTOBER. BUT THE DAY AFTER THAT FIRST ROBBERY IN THE DEFENDANT'S PHONE THERE ARE TEXT MESSAGES WHERE HE IS TRYING TO SELL A FIREARM THAT WAS SHOT DURING A GET-DOWN.

SO --

THE COURT: CAN WE TALK ABOUT STUFF THAT'S NOT IN THE CLAIM --

MR. BUTLER: SURE.

THE COURT: -- BECAUSE I'VE HAD IT. YOU DON'T HAVE TO ARGUE STUFF THAT'S THERE.

MR. BUTLER: I APOLOGIZE, YOUR HONOR.

IT'S VERY LENGTHY. SO I WANTED TO MAKE SURE THAT I HIGHLIGHTED THE THINGS THAT WERE RELEVANT.

BUT ABSOLUTELY.

LAST NIGHT WHEN THE DEFENDANT WAS ARRESTED, THERE WAS HIS HALF-BROTHER AND CODEFENDANT WAS ALSO APPROACHED BY POLICE AND ABSCONDED AFTER BEING TOLD THERE WAS A WARRANT OUT FOR HIS ARREST.

THE DEFENDANT WAS THEN ON JAIL CALLS TALKING TO THEIR MOTHER AND WAS TOLD THAT HIS CODEFENDANT WAS HIDING OUT IN A HOTEL ROOM. HE IMMEDIATELY TOLD HER TO STOP TALKING AND NOT TO

MENTION THAT.

SO, I THINK THAT THERE IS CONCERNING EVIDENCE THAT HE'S AT LEAST AWARE THAT HIS BROTHER HAS ABSCONDED HERE, THAT HE'S A CODEFENDANT AND A CO-CONSPIRATOR IN THIS CASE AND MAY ATTEMPT TO JOIN HIM WERE – WERE HE RELEASED.

THE CRIMINAL HISTORY IS NOT EXACTLY IN THE COMPLAINT BUT OBVIOUSLY CONCERNING CONSIDERING IT'S AGAIN ARMED ROBBERY. HE DID MORE THAN A DECADE IN PRISON FOR THAT AND HAS ONLY BEEN RELEASED SINCE 2018.

A CELL PHONE WAS AGAIN TAKEN FROM THE DEFENDANT YESTERDAY. AND IN THAT CELL PHONE WAS AGAIN SOMEONE SENDING A PICTURE OF A FIREARM TO HIM. AND HIM -- THIS WAS IN NOVEMBER -- RIGHT AFTER THOSE SEARCH WARRANTS WERE EXECUTED IN OCTOBER.

AND HE RESPONDED TO THE PICTURE OF THE FIREARM AND SAID THAT IT WAS LIKE THE ONE HE LOST, PRESUMABLY THE ONE THAT WAS SEIZED BY LAW ENFORCEMENT AND WAS NOT DISINTERESTED IN THAT FIREARM.

AND DURING THOSE -- AGAIN, AS I JUST SAID, DURING THE SEARCH WARRANTS EXECUTION THERE WAS A FIREARM TAKEN FROM HIS RESIDENCE. THE DEFENDANT ADMITTED THAT IT WAS HIS.

HE'S OBVIOUSLY A FELON AND PROHIBITED PERSON. HE'S BEEN CHARGED BY THE STATE WITH THAT NOT BY FEDERAL.

BUT I THINK THAT THOSE ARE ALL CONCERNING FOR ALL THE REASONS STATED IN THE PRETRIAL SERVICES REPORT.

THE COURT: MR. LINDSEY.

MR. LINDSEY: ALL RIGHT. THANK YOU, YOUR HONOR.

SO, THE DEFENSE'S POSITION IS THERE – THERE ARE CONDITIONS THAT THE COURT CAN IMPOSE UPON MR. HOBSON THAT WOULD REASONABLY ASSURE THAT'S HE'S NEITHER A RISK OF FLIGHT OR DANGER.

UNDERSTANDING THAT WHAT'S IN THE PRETRIAL SERVICES REPORT IS -- THERE'S NOT MUCH IN THE WAY OF BAIL RESOURCES WITH REGARD TO THE AMOUNT. BUT WITH REGARD TO BOTH HIS GIRLFRIEND AND HIS MOTHER'S DESIRE TO ASSIST WITH THAT, I THINK THAT SPEAKS VOLUMES.

YOUR HONOR, IT SPEAKS TO THEIR BELIEF IN MR. HOBSON THAT HE WILL DO WHAT HE'S SUPPOSED TO DO IF THE COURT WERE TO GRANT HIM BAIL, AND THAT HE WOULD NOT JEOPARDIZE THEM FINANCIALLY BY VIOLATING WHATEVER CONDITIONS THE COURT ORDERED HIM TO SUBMIT TO TO BE RELEASED ON BAIL.

YOUR HONOR, UNDERSTANDING HE HAS A SERIOUS CONVICTION ON HIS RECORD, BUT THAT CONVICTION OCCURRED 20 YEARS PLUS AGO -- MORE THAN 20 YEARS AGO, YOUR HONOR.

AND, SO, WE'D ASK THE COURT TO TAKE THAT IN CONSIDERATION. THERE HASN'T BEEN ANY RECENT CONVICTIONS THAT HE HAS SUSTAINED ON HIS RECORD.

HE IS WILLING TO SUBMIT TO WHATEVER CONDITION THAT THE COURT WOULD SEE FIT TO HAVE HIM SUBMIT TO IN ORDER FOR HIM TO BE GIVEN BAIL IN THIS MATTER INCLUDING LOCATION MONITORING.

YOUR HONOR, WE'RE JUST ASKING FOR AN OPPORTUNITY.

I UNDERSTAND THAT THE ALLEGATIONS ARE SERIOUS. BUT THE ALLEGATIONS AT THIS STAGE ARE JUST ALLEGATIONS AND THEY'RE THE LEAST WEIGHTED FACTOR WHEN THE COURT IS MAKING A DETERMINATION AS TO WHETHER OR NOT TO GRANT SOMEONE BAIL.

SO, ON THAT, YOUR HONOR, I WILL SUBMIT.

THE COURT: ALL RIGHT.

THANK YOU, MR. LINDSEY. I APPRECIATE YOUR ARGUMENT.

I AM GOING TO GRANT THE GOVERNMENT'S REQUEST FOR DETENTION.

BASED ON SAFETY OF ANY PERSON OR THE COMMUNITY. GIVEN THE PERCEIVED DANGER HERE, GIVEN THE NATURE OF THE ALLEGATIONS AND THE PRIOR ROBBERY CONVICTION.

YES, THE ROBBERY THAT LED TO THAT -- I THINK IT WAS AN 18-YEAR SENTENCE OR SOMETHING -- WAS A LONG TIME AGO, BUT HE WAS FAIRLY RECENTLY RELEASED. AND NOW WE HAVE ALLEGATIONS OF THE SAME TYPE OF CONDUCT.

SO, BASED ON THAT, I'M GOING TO ORDER THAT HE BE DETAINED PENDING TRIAL IN THIS MATTER.

BUT I APPRECIATE THE ARGUMENT THAT WAS RAISED HERE TODAY.

MR. LINDSEY: THANK YOU, YOUR HONOR.

THE COURT: CAN WE PROCEED TO THE POST-INDICTMENT ARRAIGNMENT -- OH, I'M SORRY. THIS IS ON A COMPLAINT. I'M SORRY.

MR. BUTLER: CORRECT, YOUR HONOR.

THE COURT: ARE WE GOING TO SET THE NORMAL DATES THEN?

MR. LINDSEY: I BELIEVE SO, YOUR HONOR.

THE COURT: OKAY. SO, THE PRELIMINARY HEARING IN THIS MATTER IS SET FOR THURSDAY, MARCH 9TH, 2023 AT 11:30 A.M.

AND, MR. HOBSON, CHANCES ARE YOU WON'T COME TO COURT THAT DAY IF IN FACT AN INDICTMENT IS FILED BEFORE THEN.

YOU WILL COME TO COURT THOUGH ON THURSDAY, MARCH 16, 2023 AT 11:30 A.M. FOR YOUR POST-INDICTMENT ARRAIGNMENT. THAT'S BACK IN THIS COURTROOM.

AT THAT TIME YOUR CASE WILL BE ASSIGNED TO A DISTRICT JUDGE. YOU'LL GET TO ENTER A NOT-GUILTY PLEA. AND YOU'LL GET A TRIAL DATE.

THE DEFENDANT: OKAY.

THE COURT: OKAY.

AND PURSUANT TO THE DUE PROCESS PROTECTIONS ACT, THE PROSECUTOR IS ORDERED TO COMPLY WITH HIS OR HER OBLIGATION TO PRODUCE EXCULPATORY EVIDENCE UNDER BRADY AND ITS PROGENY AND IS REMINDED OF THE POSSIBLE CONSEQUENCES OF VIOLATING THAT LAW AND THIS ORDER INCLUDING EXCLUSION OF EVIDENCE, ADVERSE JURY INSTRUCTIONS, DISMISSAL OF ALL OR SOME OF THE CHARGES WITH OR WITHOUT PREJUDICE, CONTEMPT AND SANCTIONS.

ANYTHING FURTHER, MR. LINDSEY, ON BEHALF OF YOUR CLIENT TODAY?

MR. LINDSEY: NO, YOUR HONOR.

THANK YOU.

THE COURT: THE GOVERNMENT?

MR. BUTLER: NO, YOUR HONOR.
THANK YOU.
THE COURT: ALL RIGHT.
THANK YOU.
(PROCEEDINGS CONCLUDED 3:03 P.M.).

TRANSCRIBER'S CERTIFICATE

DISCLAIMER

THE INTEGRITY OF THIS TRANSCRIPT MAY BE ADVERSELY AFFECTED DUE TO MUFFLED AND UNCLEAR AUDIO TRANSMISSION.

I, Dorothy Babykin, attest that the foregoing proceedings provided to me electronically were transcribed by me to the best of my ability.

/s/ *Dorothy Babykin*

Dorothy Babykin

Date: 4/22/2024